WALLER, J.,
Dissenting:
¶ 17. Because the final decree of adoption in this case did not terminate the father’s parental rights, it is void' ab initio. Miss.Code Ann. § 93-17-13 (Supp.2001) states in relevant part:
The final decree shall adjudicate ... (d) that the natural parents and natural kindred of the child shall not inherit by or through the child except as to a natural parent who is the spouse of the adopting parent, and all parents rights of the natural parent, or parents, shall be terminated, except as to a natural *954 parent who is the spouse of the adopting parent....
(Emphasis added.) The statute is compulsory. A final decree of adoption shall terminate the parental rights of the natural parents unless one of the natural parents is married to the adopting parent.
¶ 18. Because the final decree of adoption in this case did not terminate the father’s parental rights, it is void ab initio.
¶ 19. The termination of the natural parents’ rights is essential to the principle of adoption. The adopting parents are stepping into the shoes of the natural parents and acquire all rights and responsibilities of the natural parents. The United States Supreme Court has stated that adoption is the “legal equivalent of biological parenthood.” Smith v. Organization of Foster Families for Equality & Reform, 431 U.S. 816, 845 n. 51, 97 S.Ct. 2094, 2110 n. 51, 53 L.Ed.2d 14 (1977). A decree of adoption relieves the natural parents of all parental rights and terminates all legal relationships between the adopted child and his natural parents. See generally In re M.M., 156 Ill.2d 53, 189 Ill.Dec. 1, 619 N.E.2d 702 (1993); 2 Am.Jur.2d Adoption § 171 (1994).
¶ 20. The majority does not wish to disturb the child’s familial relationship with the adoptive parents. However, what we have here are the adoptive parents (the natural maternal grandparents) attempting to cut off the familial relationship of the natural father and natural paternal grandmother, relationships that had existed under the current order for two and a half years before the modification was filed. We have always held that the rights of a natural parent are paramount to all others. The ends do not justify the means. The law must be followed. To do otherwise may subject other adoption decrees to collateral attack. We cannot allow that to happen.
¶ 21. I therefore respectfully dissent and would affirm the judgment of the Forrest County Chancery Court.
McRAE, P.J, AND CARLSON, J., JOIN THIS OPINION.